

FILED
SEP 0 5 2007
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| Roger Mohling and Robert Parry, | ) | CIV07-1019 |
| --- | --- | --- |
| Plaintiffs, | ) | |
| Vs. | ) | COMPLAINT |
| Farm Bureau Financial Services, | ) | |
| Defendant. | ) | |

Come now Roger Mohling and Robert Parry, plaintiffs, and allege and state as follows:

## JURISDICTION

1. Roger Mohling is an adult male over the age of 40 who resides in Watertown, SD.

2. Robert Parry is an adult male over the age of 40 who resides in Watertown, SD.

3. Farm Bureau Financial Services is a business operating in South Dakota which maintains an office in the Watertown area.

4. On March 10, 2007 Roger Mohling timely filed a charge of age discrimination against Farm Bureau Financial Services with the South Dakota Division of Human Rights.

5. On March 30, 2007 Robert Parry timely filed a charge of age discrimination against Farm Bureau Financial Services with the South Dakota Division of Human Rights.

6. On June 14, 2007 Roger Mohling received a right to sue from the EEOC.

7. On June 14, 2007 Robert Parry received a right to sue from the EEOC.

8. This Court has jurisdiction of this matter pursuant to 28 USCA 1331.

## AGE DISCRIMINATION IN EMPLOYMENT
### Robert Parry's ADEA Claim
### 29 USCA § 621 et seq.

9. Parry is 56 years old.

10. During the times relevant to this complaint, Parry was an employee of Farm Bureau Financial Services [hereinafter [FBFS"].

11. FBFS qualifies as an employer within the meaning of the ADEA and has over 100 employees.

12. During his 19 year career with FBFS, Parry was regularly evaluated by FBFS and met or exceeded performance expectations.

13. Parry held both sales and management positions in FBFS and earned various company commendations, benefits and promotions because of his job performance.

14. In approximately November 2002, Parry was assigned to work in FBFS's Watertown office with Roger Mohling.

15. While Parry and Mohling were employed in the FBFS Watertown office, the FBFS Watertown office became a profitable FBFS office.

16. In 2004, FBFS assigned Don Riley to manage several FBFS agencies, including the Watertown office. Riley is younger than both Parry and Mohling.

17. After he became the Watertown office's manager, Riley made comments that he wanted to "get rid of all the old agents."

18. Since Riley has been promoted to manage FBFS offices, there has been a notable reduction in the ages of FSFB sales force as Riley oversaw the termination or retirement of older agents and replaced them with younger agents.

19. Riley did not evaluate or supervise older sales agents in the same fashion that he assisted and promoted younger agents.

20. Parry1 received less goal setting assistance, performance evaluation input, time and support services from Riley than younger sales agents received.

21. On the morning of November 30, 2006, Riley came to the Watertown office and told Parry and Mohling that instead of their performance evaluation and marketing plan meeting, he was having their files and computers removed and was terminating their FBFS contract.

22. Riley represented that Parry and Mohling were being terminated for "business reasons" but could not explain what those reasons were.

23. By the afternoon of November 30, 2006, Riley had listed Joe Quinn, who is approximately 28 years old, as the new FBFS agent in Watertown on FBFS's computer network.

24. Riley hired Samantha Quinn, who is in her late 20's, as a second agent in the F BFS Watertown office.

25. Parry's age was a motivating factor in FBFS's termination of Parry's employment.

26. FBFS's actions in terminating Parry were intentional, malicious and recklessly indifferent to Parry's federal rights.

3

27. As a result of FBFS' discriminatory actions, Parry has suffered the following damages:

    a loss of wages;

    b. loss of employment benefits;

    c. severe emotional distress;

    d. health related problems caused by stress; and

    e. loss of enjoyment of life.

### AGE DISCRIMINATION IN EMPLOYMENT
### Roger Mohling's ADEA Claim
### 29 USCA § 621 et seq.

28. Mohling is 60 years old.

29. During the times relevant to this complaint, Mohling qualifies as an employee of Farm Bureau Financial Services [hereinafter "FBFS"].

30. FBFS qualifies as an employer within the meaning of the ADEA and has over 100 employees.

31. During his 18 year career with FBFS, Mohling was regularly evaluated by FBFS and met or exceeded performance expectations.

32. Mohling had held both sales and management positions in FBFS and earned various company commendations, benefits and promotions because of his job performance.

33. In approximately November 2002, Mohling was assigned to work in FBFS's Watertown office with Robert Parry.

34. While Parry and Mohling were employed in the FBFS Watertown office, the FBFS Watertown office became a profitable FBFS office.

35. In 2004, FBFS assigned Don Riley to manage several FBFS agencies, including the Watertown office. Riley is younger than both Parry and Mohling.

36. After he became the Watertown office's manager, Riley made comments that he wanted to "get rid of all the old agents."

37. Since Riley was promoted to manage FBFS offices there has been a notable reduction in the ages of FBFS sales force as Riley oversaw the termination or retirement of older agents and replaced them with younger agents.

38. Riley did not evaluate or supervise older sales agents in the same fashion that he assisted and promoted younger agents.

39. Mohling received less goal setting assistance, performance evaluation input, time and support services from Riley than younger sales agents received.

40. On the morning of November 30, 2006, Riley came to the Watertown office and told Parry and Mohling that instead of their performance evaluation and marketing plan meeting, he was having their files and computers removed and was terminating their FBFS contract.

41. Riley represented that Parry and Mohling were being terminated for "business reasons" but could not explain what those reasons were.

42. By the afternoon of November 30, 2006, Riley had listed Joe Quinn, who is approximately 28 years old, as the new FBFS agent in Watertown on FBFS's computer network.

43. Riley hired Samantha Quinn, who is in her late 20's, as a second agent in the FBFS Watertown office.

44. Mohling's age was a motivating factor in FBFS's termination of Mohling's employment.

45. FBFS's actions in terminating Mohling were intentional, malicious and recklessly indifferent to Mohling's federal rights.

46. As a result of FBFS' discriminatory actions, Mohling has suffered the following damages:

   a. a loss of wages;

   b. a loss of employment benefits;

   c. severe emotional distress;

   d. health related problems caused by stress; and

   e. loss of enjoyment of life.

WHEREFORE, each of the Plaintiffs pray for judgment against Defendant as follows:

   a. for a trial by jury on the merits of their claim;

   b. for compensatory damages in such amount as the evidence at trial may show;

   c. for other damages, including but not limited to, those damages allowed by 42 U.S.C. §2000 *et seq*, the Civil Rights Act of 1991, Public Law 162-166, and any other pertinent and applicable statute, rule or regulation, whether state or federal;

   d. for punitive damages in such an amount as the evidence at trial may show; and

   e. for costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 4 day of September, 2007.

JOHNSON EKLUND LAW OFFICE

Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiffs

7